UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SASHA M. MOSSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA KOCHHEISER, as representative of the Estate of MICHAEL E. KOCHHEISER,<br><br>Defendant. | No. 14 C 7284<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

This case arises from a vehicle collision. Before this Court is Defendant's motion for summary judgment. (Dkt. 47). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (Dkt. 19). For the reasons set forth below, Defendant's motion for summary judgment is denied.

## I. BACKGROUND

On August 1, 2014, Plaintiff Sasha Mossberger filed a complaint in the Circuit Court of Cook County, Illinois, alleging that on April 10, 2013, Michael Kochheiser operated his vehicle in a negligent manner causing a collision with the vehicle operated by Mossberger. (Dkt. 1-1); Complaint, *Sasha M. Mossberger v. Michael E. Kochheiser*, No. 14 M6 003125 (Cook County Aug. 1, 2014). On September 18, 2014, Defendant removed the action to the United States District Court for the Northern

District of Illinois, and asserted this Court's jurisdiction based on diversity jurisdiction.[1] (Dkt. 1). On October 13, 2014, Defendant Michael Kochheiser filed an Answer admitting that a collision occurred, but denying that he was negligent. (Dkt. 10).

On June 4, 2015, defense counsel filed a statement noting the death of Michael Kochheiser on April 20, 2015. (Dkt. 28). On May 27, 2015, fact discovery closed, and on August 31, 2015, expert discovery closed. (Dkt. 27). On September 10, 2015, Plaintiff filed an Amended Complaint substituting as the defendant Patricia Kochheiser, representative of the Estate of Michael Kochheiser. (Dkt. 38). The only witnesses to the accident are Sasha Mossberger, Michael Kochheiser, and an individual identified by Plaintiff as "Tommy" (Dkt. 49, ¶ 7), and the only other witness disclosed by Plaintiff is a state police officer who appeared after the occurrence. (Dkt. 49, ¶ 8-10).

---

[1] Defendant states Ms. Mossberger is a citizen of Illinois and Mr. Kochheiser is a citizen of Ohio. (Dkt. 1 at 2). The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, *Hart v. Schering–Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001), or in the event of removal, on the day the suit was removed, *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). The removing party has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). A good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *See, e.g., Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004). Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Meridian Sec.*, 441 F.3d at 541. In the Complaint, Plaintiff alleges that the amount in controversy was "at least $30,000 plus costs of suit." (Dkt. 1-1 at 1). On July 24, 2014, in an affidavit filed pursuant to ILCS S. Ct. Rule 222(b), Plaintiff's counsel asserted damages in excess of $50,000. (Dkt. 1-5). On May 6, 2014, Plaintiff's attorney sent Defendant a list of economic hardships totaling $81,299.27. (Dkt. 1-6). Here, Defendant submitted evidence of an amount in controversy in excess of $75,000, the jurisdictional amount. The Court finds jurisdiction satisfied.

## II. DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

**B. Negligence Standard**

Illinois law governs the extent of Defendant's liability in this diversity action. *Protective Life Insurance. Co. v. Hansen*, 632 F.3d 388, 392 (7th Cir. 2011) (a federal court sitting in diversity applies the substantive law of the state in which it is sitting). To prevail on a claim of negligence, a plaintiff must prove: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty of care; and (3) that the breach of that duty proximately caused the plaintiff's injury. *Parker v. CBM Design, Inc.*, 2014 IL App (1st) 130677-U, ¶ 39; *Baez v.*

*Target Corp.*, 80 F. Supp. 3d 862, 865 (N.D. Ill. 2015). "Whether a duty is owed presents a question of law for the court to decide, while breach of duty and proximate cause present questions of fact for the jury to decide." *Thompson v. Gordon*, 241 Ill. 2d 428, 438–39, 948 N.E. 2d 39, 45 (2011).

## C. Illinois Dead Man's Act

Plaintiff alleges that Michael Kochheiser operated a vehicle in a negligent manner causing a collision, and as a result of the collision, she suffered personal and pecuniary injuries. Defendant moves for summary judgment on Plaintiff's negligence claim, asserting that the Illinois Dead Man's Act precludes Mossberger from offering "testimony concerning the motor vehicle accident itself as well as any conversations she may have had with Kochheiser following the accident." (Dkt. 48 at 7). Defendant asserts that because Mossberger cannot offer her own testimony and has failed to identify any other witnesses to the accident or provide testimony from those witnesses, Plaintiff has no evidence to offer in this case and summary judgment is warranted pursuant to the Illinois Dead Man's Act.

The Illinois Dead Man's Act provides that "no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability." 735 Ill. Comp. Stat. 5/8-201. The purpose of the Act "is to protect decedents' estates from fraudulent claims and also to equalize the position of the parties with respect to giving testimony." *Ball ex rel. Hedstrom v. Kotter*, 746 F. Supp. 2d 940, 947-48

(N.D. Ill. 2010) (citing *Gunn v. Sobucki*, 216 Ill. 2d 602, 837 N.E.2d 865, 869 (2005)); *see also In re Estate of Gott*, 213 Ill. App. 3d 297, 571 N.E.2d 1167, 1169 (1991) ("The Act is not designed to disadvantage the living, but it is designed to protect estates against fraudulent claims being made by putting the parties on equal footing."). The Act does not bar "evidence of facts that the decedent could not have refuted." *Balma v. Henry*, 404 Ill. App. 3d 233, 935 N.E.2d 1204, 1211 (2010). The application of the Act is applicable to summary judgment proceedings and applies to diversity actions in federal court. *Zang v. Alliance Financial Services of Illinois, Ltd.*, 875 F. Supp. 2d 865, 877 (N.D. Ill. 2012) (citing *Brown, Udell & Pomerantz, Ltd. v. Ryan*, 369 Ill. App. 3d 821, 861 N.E.2d (2006); Fed. R. Evid. 601; *Lovejoy Electronics, Inc. v. O'Berto*, 873 F.2d 1001, 1005 (7th Cir. 1989)).

An adverse party can testify to events outside the presence of the deceased without the Dead Man's Act being invoked. *Manning v. Mock*, 119 Ill. App. 3d 788, 799, 457 N.E.2d 447, 453 (1983). In *Rerack v Lalley*, a vehicle driven by the defendant-decedent rear-ended the plaintiff's car, which had already come to a complete stop. While the plaintiff was barred from testifying about the details of the collision, the appellate court held that the plaintiff could testify to "the overall mechanical condition of plaintiff's automobile and, specifically, the functioning of its brake light; the weather conditions at the time of the accident; that plaintiff's vehicle was stopped for two minutes; that plaintiff's foot was on the brake pedal of his car continuously; that plaintiff had heard no sound prior to the accident's impact; and that plaintiff observed damage to the rear of his vehicle the day after

the occurrence." *Rerack v. Lally*, 241 Ill. App. 3d 692, 695, 609 N.E.2d 727, 729-30 (1992). Similarly, testimony concerning the posted speed limit on a road where a collision occurred is acceptable testimony, as is testimony that the adverse party had his lights on prior to the collision. *Moran v. Erickson*, 297 Ill. App. 3d 342, 361, 696 N.E.2d 780, 793 (1998) ("While the speed of the decedent's vehicle at the time of the collision would relate to the collision event, the posted speed limit did not."); *Malavolti v. Meridian Trucking Co.*, 69 Ill. App. 3d 336, 346, 387 N.E.2d 426, 433 (1979) (Dead Man's Act did not preclude testimony by driver that driver's lights were on.). *See Rerack*, 241 Ill. App. 3d at 695 (the purpose of the Dead Man's Act is to bar only that evidence which the decedent could have refuted).

While the Dead Man's Act limits the scope of Plaintiff's testimony in this case, it does not preclude Plaintiff from testifying altogether. While Plaintiff cannot provide testimony concerning the actual collision, *Rerack*, 241 Ill. App.3d at 695 (the "event" at issue was the accident and the court properly barred plaintiff from testifying regarding the details of the collision itself), she can testify, for example, that she was driving in a westbound direction in the left lane on I-80 in Joliet (*see* Compl.), to the weather conditions on that day, and to the condition of her automobile prior to and following the accident. In his Answer prior to his death, Mr. Kochheiser admitted that a collision occurred, (Dkt. 10, ¶ 3, October 13, 2014), allowing Plaintiff to testify to the fact of a collision. *Balma*, 404 Ill.App.3d at 240 ("evidence of facts that the decedent could not have refuted is not rendered inadmissible by the Dead–Man's Act"); *see Rerack, supra,* at 695 (allowing plaintiff to testify to the fact

that "decedent admitted, prior to his death, rear-ending plaintiff in his answer to plaintiff's complaint").

Defendant's motion for summary judgment is based on the premise that Plaintiff may not testify at all and there is no other witness testimony. In addition to the testimony Plaintiff is permitted to offer consistent with the Dead Man's Act, Plaintiff responds that Officer Shelley Cox, a state trooper and a non-interested party to this action, can testify about the April 10, 2013 accident. (Dkt. 50 at 5). Plaintiff presents a transcript from a July 9, 2013 trial charging Mr. Kochheiser with violating the Illinois Vehicle Code, 625 Ill. Comp. Stat. 5/11-709, in connection with the April 10, 2013 collision. *The People of the State of Illinois v. Michael Kochhetser* [sic], Case No. 13 TR 27870 (Will County July 9, 2013). During the trial, Officer Cox testified that she spoke with Mr. Kochheiser following the accident and he admitted he did not see Plaintiff's vehicle: "he acknowledged that he was involved in the crash and stated that he didn't realize it until the car was stuck up under his gas tank" (Dkt. 50-5 at 15); "he looked to his left, thought he could get over to allow him to make that lane change and that he didn't see the red Dodge." (*Id.* at 17).

Defendant replies that Plaintiff failed to properly disclose Officer Cox's testimony. This is not accurate. Plaintiff disclosed the state trooper in her Rule 26(a)(1) Initial Disclosures on December 5, 2014 (Dkt. 51-1 at 2); Plaintiff's Answers to Interrogatories, Interrogatory No. 3 dated March 27, 2014 (Dkt. 49-1 at 18); and

Plaintiff's Answers to Rule 213(f) Interrogatories, Lay Witness List dated March 27, 2014[2] (Dkt. 49-1 at 26):

- Rule 26(a)(1) Initial Disclosures: "Witness, Illinois State Police, Officer Star No. 5673 is expected to testify to but not limited to all events immediately after the occurrence as well as the road, weather and traffic conditions and all on scene observations . . . the Officer will testify consistent with any and all written reports/crash reports and/or investigations." (Dkt. 51-1 at 2).
- Plaintiff's Answer to Interrogatory No. 3: "State the full name and current residence address of each person . . . who was present . . . immediately after the occurrence. Answer: Illinois State Police Star # 5673, Beat 5." (Dkt. 49-1 at 18).
- Plaintiff's Lay Witness List: "Witness: Illinois State Police Star # 5673, Beat 5, 801 S. 7th St. – Suite 400 M, Springfield, Illinois 62703, Subject Matter: Liability, Opinions/Conclusions: As the reporting officer at the crash site, the officer will . . . testify to but not limited to all events immediately after the occurrence as well as the road, weather and traffic conditions and all on scene observations . . . the Officer will testify consistent with any and all written reports/crash reports and/or investigations. Bases: Education, training, experience in crash investigations; observations at the scene of the occurrence, as well of any interviews with persons/parties." (Dkt. 49-1 at 26).

Plaintiff timely disclosed Officer Cox by providing her star and badge number and indicating that she would testify consistent with her report and investigation. Defendant argues that Plaintiff did not supplement her discovery responses to identify any specific testimony the officer might offer at trial, and asserts "[Plaintiff] has not, at any point, stated that this unknown officer would offer testimony concerning any statements or admissions attributable to Kochheiser." (Dkt. 48 at 8). The Court disagrees. Plaintiff's initial disclosures explicitly state: "the Officer will testify consistent with any and all written reports/crash reports and/or

---

[2] The Federal Rules of Civil Procedure control discovery in this case. However, this document was prepared and disclosed prior to the removal of the case from state court pursuant to Ill. Sup. Ct. R. 213(f).

investigations," (Dkt. 51-1 at 2), and notes that "interviews with persons/parties" will be a subject of Officer Cox's testimony in the Lay Witness List. (Dkt. 49-1 at 26). Defendant further argues Plaintiff did not timely disclose Officer Cox's testimony with respect to her conversations with Mr. Kochheiser, (Dkt. 51 at 12), but Fed. R. Civ. P. 26(a)(1)(A) does not require a non-expert witness to submit in advance of trial what testimony he or she may offer. *Compare* Fed. R. Civ. P. 26(a)(2)(C)(ii) (requiring "a summary of the facts and opinions to which the witness is expected to testify" for expert witnesses), *with* Fed. R. Civ. P. 26(a)(1)(A)(i) (only requires identification of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses"). Plaintiff has satisfied those obligations. Furthermore, Mr. Kochheiser was present at the bench trial on July 9, 2013, where Officer Cox testified and her accident reports were available to both the plaintiff and the defendant equally. The argument that the state trooper's identity was unknown is not persuasive.

The Court finds that Plaintiff properly disclosed Officer Cox and the subject matter of her testimony. Defendant's motion for summary judgment is premised on the argument that "[s]ince the Dead Man's Act bars Mossberger from testifying at trial, there is simply no evidence which supports her case and, therefore, she is unable to establish the elements of her negligence claim." (Dkt. 48 at 8). In addition to her own prospective testimony, discussed above, Plaintiff has produced testimony from Officer Cox relevant to her negligence claim that presents genuine issues of

material fact. As an uninterested party to this matter, Officer Cox's testimony falls outside the scope of the Dead Man's Act. Defendant's motion for summary judgment is denied.

**D. Local Rule 56.1**

Defendant asserts that because Plaintiff did not file a response to Defendant's statement of facts, pursuant to Local Rule 56.1, all of Defendant's facts should be deemed admitted and no additional facts should be considered. (Dkt. 51 at 3). The rule requires a movant to submit a statement of material facts consisting of short, numbered paragraphs with specific references to the record. N.D. Ill. L.R. 56.1(a)(3); *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). The non-moving party must file a response to the moving party's statement with corresponding, numbered paragraphs summarizing the movant's position, responses with specific cites to the record, and a statement of any additional facts that support denial of summary judgment. N.D. Ill. L.R. 56.1(b)(3). Here, Plaintiff failed to file a response to Defendant's statement of facts, or provide any additional facts.

Defendant argues Plaintiff's failure deems her facts admitted for purposes of summary judgment. (Dkt. 51 at 4). While it is true that the district court's discretion to require strict compliance with Local Rule 56.1 has been continually upheld, *see Boss v. Castro*, — F.3d —, 2016 WL 1073239, at *1 (7th Cir. Mar. 18, 2016) (collecting cases), strict compliance is not mandatory and is within the court's discretion. The Seventh Circuit has explained:

> [Plaintiff] argues that the district court erred by considering the defendants' summary judgment motion although it did not comply

strictly with all formal requirements of Local Rule 56.1. This argument reflects a profound misunderstanding of the relevant law and the purposes of the formal requirements in the district court's Local Rule 56.1. Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings. [. . .] We have not endorsed the very different proposition that litigants are entitled to expect strict enforcement by district judges. Rather, "it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).

*Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011).

This is not a case where strict compliance is appropriate, especially considering Defendant's factual statements are largely recitations of the record or Plaintiff's interrogatory responses.[3] These are not hotly contested disputed facts; quite the contrary, they are Plaintiff's own admissions. *See Bentz v. Hardy*, — Fed. Appx. —, 2016 WL 1391851, at *1 (7th Cir. Apr. 8, 2016) ("After the defendants had moved for summary judgment, [the plaintiff] did not respond properly to their statement of uncontested facts. [. . .] That misstep was not fatal, however, because the defendants principally relied upon [the plaintiff's] discovery deposition as their

---

[3] The relevant facts at issue are: "8. Kochheiser also propounded an interrogatory which asked Mossberger to identify each person who was present or claims to have been present at the scene immediately following the occurrence. 9. In response . . . Mossberger identified an individual known as Illinois State Police Star #5673, Beat 5. 10. Mossberger subsequently disclosed that the individual she identifies as Star #5673 would offer testimony concerning 'all events immediately after the occurrence, as well as the road, weather and traffic conditions and all on-scene observations.' 11. At no point during this litigation has Mossberger identified any statements which Michael Kochheiser made to State Police Officer #5673, Beat 5. 12. Mossberger did not supplement her discovery responses to identify any specific testimony that Illinois State Police Officer #5673 would offer at trial." (Dkt. 49, ¶¶ 8-12).

source of evidence . . . and in any event we review the evidence in the light most favorable to [the plaintiff], the opponent of summary judgment.").

Defendant also argues that Plaintiff cannot rely on any additional facts, such as the testimony of Officer Cox, because Plaintiff did not file a separate statement of additional facts. *See* L.R. 56.1(b)(3)(C). But not only do Defendant's undisputed facts not prejudice Plaintiff, they even include Plaintiff's disclosure of Officer Cox as a witness. (*See* Dkt. 49, ¶¶ 8-10). None of Defendant's statements of fact are in dispute, and if anything, their admissions establish that Officer Cox was disclosed. While it is true that Plaintiff failed to articulate the content of Officer Cox's testimony in an additional Local Rule 56.1 statement of facts, the Court will not strictly enforce the rule and will consider the testimony. Accordingly, Plaintiff's failure to comply with L.R. 56.1 does not require entry of summary judgment.

### III. CONCLUSION

Defendant has moved for summary judgment on the basis that the Dead Man's Act precludes any testimony in this case. Without violating the Act, Plaintiff may provide her own testimony, as outlined above, and has produced evidence of Officer Cox's testimony which presents genuine issues of material fact. Defendant's motion for summary judgment [47] is denied.

E N T E R:

Dated: May 5, 2016

_Mary M Rowland_

MARY M. ROWLAND
United States Magistrate Judge